

FILED
CLERK, U.S. DISTRICT COURT

3/3/2015

CENTRAL DISTRICT OF CALIFORNIA
BY:    LBE    DEPUTY

I HEREBY CERTIFY THAT THIS DOCUMENT WAS SERVED BY
FIRST CLASS MAIL POSTAGE PREPAID, TO ~~ALL COUNSEL~~ *Petitioner*
~~(OR PARTIES)~~ AT THEIR RESPECTIVE MOST RECENT ADDRESS OF
RECORD IN THIS ACTION ON THIS DATE.

DATED  3/3/2015

DEPUTY CLERK

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA
# WESTERN DIVISION

ADAM M. ALVAREZ,

    Petitioner,

    v.

W.L. MONTGOMERY,

    Respondent.

Case No. CV 14-9004-PSG (DFM)

ORDER TO SHOW CAUSE

On November 20, 2014, Petitioner filed a Petition for Writ of Habeas Corpus by a Person in State Custody. Dkt. 1. Respondent has moved to dismiss the Petition on the basis that Petitioner has not exhausted his state court remedies with respect to the claim presented in Ground One of the Petition. Dkt. 12.

Under 28 U.S.C. § 2254(b), habeas relief may not be granted unless a petitioner has exhausted the remedies available in the state courts.[1] Exhaustion

---

[1] 28 U.S.C. § 2254(b)(1) provides that a habeas petition brought by a person in state custody "shall not be granted unless it appears that (A) the applicant has exhausted the remedies available in the courts of the State; or (B)(i) there is an absence of available State corrective process; or (ii) circumstances exist that render such process ineffective to protect the rights of the applicant."

1   requires that the prisoner's contentions be fairly presented to the state courts
2   and be disposed of on the merits by the highest court of the state.  See James v.
3   Borg, 24 F.3d 20, 24 (9th Cir. 1994). Moreover, a claim has not been fairly
4   presented unless the prisoner has described in the state court proceedings both
5   the operative facts and the federal legal theory on which his claim is based.
6   See Duncan v. Henry, 513 U.S. 364, 365-66 (1995); Picard v. Connor, 404
7   U.S. 270, 275-78 (1971). As a matter of comity, a federal court will not
8   entertain a habeas corpus petition unless the petitioner has exhausted the
9   available state judicial remedies on every ground presented in the petition. See
10  Rose v. Lundy, 455 U.S. 509, 518-22 (1982). Petitioner has the burden of
11  demonstrating that he has exhausted available state remedies. See, e.g., Brown
12  v. Cuyler, 669 F.2d 155, 158 (3d Cir. 1982).
13          It appears that the federal constitutional claim in Ground One has never
14  been presented to the California Supreme Court. It appears that Petitioner
15  presented a claim similar to Ground One to the California Supreme Court as
16  an argument that the evidence was inadmissible hearsay. See Notice of
17  Lodging, Lodged Document ("LD") 4 at 8-21. A careful review of this
18  argument reveals that at no point does Petitioner reference the federal
19  constitution. See id.
20          If it were nonetheless clear here that Petitioner's unexhausted claim was
21  procedurally barred under state law, then the exhaustion requirement would be
22  satisfied. See Castille v. Peoples, 489 U.S. 346, 351-52 (1989); Johnson v.
23  Zenon, 88 F.3d 828, 831 (9th Cir. 1996); Jennison v. Goldsmith, 940 F.2d
24  1308, 1312 (9th Cir. 1991). However, the Court concludes that it is not clear
25  that the California Supreme Court will hold that Petitioner's unexhausted
26  claim is procedurally barred under state law if Petitioner were to raise it in a
27  habeas petition to the California Supreme Court, as such a proceeding is an
28  original proceeding is not subject to the same timeliness requirement as a

1 | Petition for Review of a Court of Appeal decision. See, e.g., In re Harris, 5
2 | Cal. 4th 813, 825 (1993) (granting habeas relief where petitioner claiming
3 | sentencing error, even though the alleged sentencing error could have been
4 | raised on direct appeal); People v. Sorensen, 111 Cal. App. 2d 404, 405 (1952)
5 | (noting that claims that fundamental constitutional rights have been violated
6 | may be raised by state habeas petition). The Court therefore concludes that this
7 | is not an appropriate case for invocation of either statutory "exception" to the
8 | requirement that a petitioner's federal claims must first be fairly presented to
9 | and disposed of on the merits by the state's highest court. See 28 U.S.C. §
10 | 2254(b)(1)(B).

11 |     Accordingly, Petitioner's inclusion of the claim in Ground One of his
12 | Petition renders the Petition a "mixed petition" containing both exhausted and
13 | unexhausted claims. Under the total exhaustion rule, if even one of the claims
14 | being alleged by a habeas petitioner is unexhausted, the petition must be
15 | dismissed. See Rose, 455 U.S. at 522; see also Coleman v. Thompson, 501
16 | U.S. 722, 731 (1991); Castille, 489 U.S. at 349. However, in Rhines v. Weber,
17 | 544 U.S. 269, 277 (2005), the Supreme Court held that, in certain "limited
18 | circumstances," a district court may stay a mixed petition and hold it in
19 | abeyance while the petitioner returns to state court to exhaust his unexhausted
20 | claims. Under Rhines, the prerequisites for obtaining a stay while the
21 | petitioner exhausts his state remedies are: (1) that the petitioner show good
22 | cause for his failure to exhaust his claims first in state court; (2) that the
23 | unexhausted claims not be "plainly meritless"; and (3) that petitioner not have
24 | engaged in "abusive litigation tactics or intentional delay." See id. at 277-78.

25 |     Here, Petitioner has not even requested that the Court hold the Petition
26 | in abeyance until after he exhausts his state remedies with respect to his
27 | unexhausted claim, let alone purported to make the three necessary showings
28 | under Rhines. Per Rhines, where the petitioner has presented the Court with a

1  mixed petition and the Court determines that stay and abeyance is
2  inappropriate, the Court must "allow the petitioner to delete the unexhausted
3  claims and to proceed with the exhausted claims if dismissal of the entire
4  petition would unreasonably impair the petitioner's right to obtain federal
5  relief." See Rhines, 544 U.S. at 278; see also Henderson v. Johnson, 710 F.3d
6  872, 873 (9th Cir. 2013).

7       IT THEREFORE IS ORDERED that, on or before April 6, 2015,
8  Petitioner either (a) file a stay-and-abeyance motion if he believes he can make
9  the requisite three showings under Rhines; (b) file an Amended Petition
10  deleting the unexhausted claim; or (c) show cause in writing, if he has any,
11  why this action should not be dismissed without prejudice for failure to
12  exhaust state remedies unless Petitioner withdraws his unexhausted claim.

15  Dated: March 03, 2015

17  DOUGLAS F. McCORMICK
   United States Magistrate Judge